NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3054

CLARENCE R. DUNBAR,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Clarence R. Dunbar, of Dallas, Texas, pro se.

Roger A. Hipp, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were Jeffrey S. Bucholtz, Acting Assistant Attorney General; Jeanne E. Davidson, Director; and Mark A. Melnick, Assistant Director. Of counsel on the brief was R. Alan Miller, Associate General Counsel, Office of Personnel Management, of Washington, DC.

Appealed from: Merit Systems Protection Board

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3054

CLARENCE R. DUNBAR,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Petition for review of the Merit Systems Protection Board in DA844E060524-I-1.

———————————————

DECIDED:    June 9, 2008

———————————————

Before MAYER, <u>Circuit Judge</u>, PLAGER, <u>Senior Circuit Judge</u>, and DYK, <u>Circuit Judge</u>.

PER CURIAM.

Petitioner Clarence R. Dunbar seeks review of a decision of the Merit Systems Protection Board ("Board").  The Board affirmed a decision of the Office of Personnel Management ("OPM") denying petitioner's application for a disability retirement annuity pursuant to the Federal Employees Retirement System ("FERS").  We <u>affirm</u>.

BACKGROUND

Petitioner resigned his position as a WG-3566, grade 2 Housekeeping Aid for the Veterans Administration ("VA") Hospital in Dallas, Texas, on February 23, 2005.  Mr. Dunbar applied to OPM for disability retirement benefits in July 2005.  To qualify for a FERS disability retirement annuity, the employee must demonstrate by preponderant evidence, inter alia, that he is unable to render useful and efficient service in his current position. 5 U.S.C. § 8451(a).

Petitioner claimed that he became disabled for his position in May 2004 due to degenerative disc disease, radiculopathy, hypertension, kidney disease, and numbness in his "right and lower extremities." J.A. at 52. OPM disallowed this application, citing a lack of evidence of medical conditions that precluded performance of the duties associated with the job of Housekeeping Aid, and petitioner's performance review in which he was rated "fully successful." J.A. at 21.

Petitioner appealed to the Board. On November 3, 2006, the Administrative Judge ("AJ") reversed, finding that petitioner "provided subjective and objective evidence of his pain and disability and established that his knee and back problems have rendered him unable to perform the tasks of his former Housekeeping Aid position." J.A. at 21. The AJ further noted that petitioner's satisfactory performance review could reasonably be explained by the fact that at the time of the review, petitioner had assistance with his duties.

On September 27, 2007, the full Board set aside the AJ's decision and affirmed the OPM decision, stating that "the medical evidence does not support the appellant's assertions that he is disabled from performing the duties of his position," and as such petitioner failed to satisfy the criteria for entitlement to FERS disability benefits. Dunbar v. Office of Pers. Mgmt., 107 M.S.P.R. 32, 37 (2007).

Petitioner timely appealed to our court, and we have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

DISCUSSION

In general we review Board decisions to determine whether they are "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2)

obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); Carr v. Social Sec. Admin., 185 F.3d 1318, 1321 (Fed. Cir. 1999).

However, in disability retirement cases the scope of our judicial review has been limited by 5 U.S.C. § 8347. The Supreme Court has held that review in such cases is limited to "determin[ing] whether 'there has been a substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error going to the heart of the administrative determination.'" Lindahl v. Office of Pers. Mgmt., 470 U.S. 768, 791 (1985) (citation omitted, internal quotation marks omitted). This court does not have authority to review the substantive merits of this case, because "the factual underpinnings of § 8347 disability determinations may not be judicially reviewed." Id.

Petitioner contends that the Board misconstrued the facts and erroneously determined that he is ineligible for a FERS disability retirement annuity. Under 5 U.S.C. § 8347 as interpreted by the Supreme Court in Lindahl, we lack jurisdiction to determine whether the Board properly adjudicated the facts in this case.

Petitioner also appears to contend that the Board's decision is contrary to Trevan v. Office of Personnel Management, 69 F.3d 520 (Fed. Cir. 1995), where we held that an applicant's established eligibility for other disability benefits, such as Social Security disability benefits, must be considered but does not compel a finding that the applicant is disabled under FERS. Id. at 526. Thus, while petitioner here had received 10% (knees) and 20% (back) VA disability ratings, these ratings did not bind OPM to find him

disabled under FERS.  There is no basis for concluding that the Board failed to consider the VA disability rating, which was specifically noted in the AJ's decision. <u>See</u> J.A. at 19.

Accordingly, the determination of the Board is <u>affirmed</u>.

## COSTS

No costs.