NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**EDWARD J. SIMPKINS,**
*Petitioner,*

v.

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent.*

---

2011-3005

---

Petition for review of the Merit Systems Protection Board in Case No. DC844E090623-B-1.

---

Decided: February 9, 2011

---

EDWARD J. SIMPKINS, Greenbelt, Maryland, pro se.

NICHOLAS JABBOUR, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and DEBORAH A. BYNUM, Assistant Director.

---

Before NEWMAN, LOURIE, and MOORE, *Circuit Judges*.

PER CURIAM.

Edward Simpkins appeals from the decision of the Merit Systems Protection Board ("the Board") affirming the Office of Personnel Management's ("OPM's") decision denying his application for disability retirement benefits. *See Simpkins v. Office of Pers. Mgmt.*, No. DC844E090623-B-1 (M.S.P.B. June 11, 2010) ("*Initial Decision*"); *Simpkins v. Office of Pers. Mgmt.*, No. DC844E090623-B-1 (M.S.P.B. Sept. 13, 2010) ("*Final Decision*").

For the reasons discussed below, we affirm.

## BACKGROUND

Simpkins served in the United States Navy from 1980 through 1986, when he was honorably discharged with disability severance pay. He has since been receiving disability pay for his service-connected condition of hypertension with left ventricular hypertrophy from the Department of Veterans Affairs ("DVA") at a rating of 30% or higher. Simpkins began working as a Benefits Advisor with the Department of Labor in July 2000. In October 2008, he applied to OPM for disability retirement under the Federal Employees Retirement System ("FERS"), based on the medical conditions of hypertension, mitral valve prolapse, and high cholesterol, but was denied. Simpkins appealed OPM's denial of disability retirement benefits to the Board. In the meantime, Simpkins was removed from his position in early 2009.

The administrative judge ("AJ") found that Simpkins failed to establish that his medical conditions prevented "useful and efficient service" in his position as a Benefits Advisor. *See Simpkins v. Office of Pers. Mgmt.*, No. DC844E090623-B-1 (M.S.P.B. Sept. 8, 2009). The full

Board denied Simpkins' petition for review of that decision, but reopened and remanded the matter based on evidence Simpkins introduced after the close of the record indicating that the DVA had increased his disability rating in October 2009 for an overall disability rating of 80%. *Simpkins v. Office of Pers. Mgmt.*, 113 M.S.P.R. 411 (2010).

On remand, the AJ ordered Simpkins to submit any additional medical evidence not previously available. He thereupon submitted, *inter alia*, a list of his medications and a letter from the DVA referencing his service-connected disabilities. *Initial Decision* at 9. Simpkins' other submissions were not medical in nature. *Id.* The AJ then reopened the record, stating specifically that the purpose was for Simpkins to submit "any additional medical evidence upon which the DVA relied in the context of its October 1, 2009 Rating Decision, that was not previously provided to the Board." *Initial Decision* at 10. In addition, the AJ noted specific documents that were referenced in the DVA's rating decision but that were not part of the record. *Id.* However, no further documents were submitted. *Id.*

The AJ again affirmed the OPM's decision, finding that Simpkins had not established his entitlement to a disability retirement annuity by a preponderance of the evidence. *Initial Decision* at 11. In particular, the AJ found that Simpkins had not shown that the performance deficiencies he had documented were caused by his medical condition. *Id.* at 13. The AJ emphasized that "[m]ore importantly," the medical evidence did not corroborate Simpkins' assertions that his medical conditions "prevented him from rendering useful and efficient service in the Benefits Advisor position." *Id.* This was in large part because none of the treating physicians of record had "asserted [Simpkins'] medical conditions prevented him

from performing the essential duties of his . . . position or that his conditions deteriorated to the point that he could no longer render useful and efficient service in his position." *Id.* at 14. The AJ found no evidence that the alleged disability could not be controlled through medication or other reasonable means, but, rather, that the evidence appeared to support the opposite conclusion, that the conditions were being controlled through medication. *Id.* at 15. The AJ found the DVA's October 2009 Rating Decision and other documents newly submitted by Simpkins insufficient to overcome the weight of the evidence. *Id.* In so finding, the AJ noted Simpkins' failure to produce the medical records upon which the DVA relied in giving him a new rating. *Id.* at 16. To the extent the Rating Decision was informative, however, the AJ found that it was consistent with the medical records that were before the Board and likewise suggested that Simpkins' conditions could be controlled with proper medication. *Id.*

The full Board denied Simpkins' petition for review, *Final Order*. The AJ's initial decision thereupon became the final decision of the Board. Simpkins timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

The scope of our review in an appeal from a Board decision is limited. In general, we can set aside the Board's decision only if it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *see Briggs v. Merit Sys. Prot. Bd.*, 331 F.3d 1307, 1311 (Fed. Cir. 2003). Substantial evidence is "such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). However, in the case of the denial of a request for disability retirement, our review is further limited. Pursuant to 5 U.S.C. § 8461(d), we are precluded from reviewing the factual underpinnings of physical disability determinations, but may address whether there has been "a substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error 'going to the heart of the administrative determination.'" *Anthony v. Office of Pers. Mgmt.*, 58 F.3d 620, 626 (Fed. Cir. 1995) (quoting *Lindahl v. Office of Pers. Mgmt.*, 470 U.S. 768, 791 (1985)).

Simpkins argues that the evidence clearly showed performance and attendance deficiencies due to disability, but that the Board failed to give weight to this evidence. He also argues that the Board should have given more weight to the DVA's disability rating which constituted new medical evidence that his conditions had worsened. Simpkins further suggests that because evidence "disappeared" in the earlier proceeding,[1] it was possible that some of his medical records could have disappeared from the record in this proceeding as well. Simpkins also argues that the Board erred by not recognizing that he did not need to show how his medical conditions affect particular job requirements where the medical evidence indicated unambiguously that he cannot perform the duties of his position. In addition, Simpkins notes that the DVA is currently deciding his claim for 100% disability rating and that the resolution of that claim will resolve any open factual questions remaining in this case.

---

[1] Simpkins appears to be referencing the loss of the transcript of his initial hearing before an administrative judge. Because the reporting service lost or misplaced the audiotapes of the hearing, a second hearing was held.

The government responds that the Board took into account all the facts presented by Simpkins in making its decision and that its determination is supported by substantial evidence. In particular, the government argues that the Board considered the evidence and found it insufficient to show a causal connection between his medical conditions and his performance deficiencies. Additionally, the government argues that the Board carefully considered all of the medical evidence in the record in making its finding that Simpkins' conditions are not disabling and can be controlled. The government points out that Simpkins did not submit his most recent medical test results relating to his heart condition. The government also argues that Simpkins' reliance on the DVA's decision to increase his disability rating is misplaced. The government notes that the Board considered that evidence and found that it supported the conclusion that Simpkins' conditions could be controlled by the proper medicines. The government also argues that a disability rating determination by the DVA is not dispositive of the availability of disability retirement from OPM. In addition, the government agrees that there are circumstances in which it is unnecessary to specifically show that specific job duties cannot be performed due to a disability, but argues that the Board correctly found that this was not such a situation.

We affirm the Board's decision, discerning no substantial departure from procedural rights or misconstruction of the governing legislation in Simpkins' legal challenge to the Board's decision. Although the Board has applied an exception to the rule that proffered medical evidence must be linked to the specific job duties at issue to show entitlement to disability retirement, that ruling was in a case where the employee provided overwhelmingly unambiguous and uncontradicted evidence that she

suffered from such incapacity that she was unable to leave her home. *Mullins-Howard v. Office of Pers. Mgmt.*, 71 M.S.P.R. 619, 627 (1996). In contrast, the Board found that the medical evidence here does not suggest a complete incapacity to function effectively such that it is unnecessary to show an inability to perform specific job duties. Instead, the Board found that the evidence supported a conclusion that Simpkins' conditions were being managed through medication such that he could continue to perform his duties. This determination did not constitute a misconstruction of the governing legislation, as contemplated by the cases interpreting 5 U.S.C. § 8461(d). *See, e.g.*, *Anthony*, 58 F.3d at 626.

The remainder of Simpkins' arguments address the factual findings of the Board and suggest that evidence in support of his position was not considered. On the contrary, however, the evidence that Simpkins points to was considered and weighed by the Board. The Board considered his performance evaluations and found no indication that they resulted from his medical conditions. The Board considered the medical evidence submitted (while noting various test results and other supporting documents that were missing). The Board thoroughly discussed the medical evidence that was before it and concluded that it supported a finding that Simpkins' symptoms were being controlled through medication. As a corollary, the Board concluded that the evidence did not show that Simpkins was unable to perform his position as Benefits Advisor. There is no indication that the Board denied Simpkins any procedural rights in making its determination and, as discussed above, we do not review the factual findings.

Simpkins suggests that additional medical records may have "disappeared" from the record in this case. However, he makes no assertion that he submitted any

further medical records, and the bulk of his argument is that inferences favorable to his case should be drawn from the documents that are on the record (such as the performance reports and the rating decision of the DVA). Additionally, the Board found that although Simpkins did not submit the medical evidence underlying the DVA's rating decision, the rating decision actually supported the finding that his medical conditions did not prevent useful and efficient service and were being managed through medication. We thus have no reason to assume that records were submitted but disappeared.

We have reviewed the case and found that it does not implicate our limited scope of review from a denial of disability retirement. We also note that we certainly cannot open the record to examine determinations not yet made by the DVA on Simpkins' claim for 100% disability rating.

## CONCLUSION

The Board's decision affirming OPM's denial of disability retirement does not represent a substantial departure from important procedural rights or a misconstruction of the governing legislation. Accordingly, we affirm.

## **AFFIRMED**

### COSTS

No costs.