NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**EDWARD J. SIMPKINS,**
*Petitioner,*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent.*

---

2012-3201

---

Petition for review of the Merit Systems Protection Board in case no. DC844E110968-I-1.

---

Decided: March 8, 2013

---

EDWARD J. SIMPKINS, Greenbelt, Maryland, pro se

JEFFREY D. KLINGMAN, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were STUART F. DELERY, Principal Assistant Attorney General, JEANNE E. DAVIDSON, Director, and REGINALD T. BLADES, JR., Assistant Director. EARL A. SANDERS, Attorney, Office of General Counsel, Office of Personnel Management, of Washington, DC.

Before RADER, *Chief Judge,* O'MALLEY, and REYNA, *Circuit Judges.*

PER CURIAM.

Edward Simpkins appeals from a final order of the Merit Systems Protection Board ("the Board") denying his petition for review of an initial decision of the Board dismissing his appeal as barred by the doctrine of *res judicata.* Because the Board properly determined that *res judicata* barred a new claim by Mr. Simpkins, and because the Board did not act arbitrarily in declining to reopen Mr. Simpkins' prior claim, we affirm.

Mr. Simpkins served in the United States Navy from 1980 through 1986, at which point he was honorably discharged with disability severance pay. After his discharge, Mr. Simpkins began receiving disability pay from the Department of Veterans Affairs ("DVA") for his service-connected condition of hypertension with left ventricular hypertrophy. In July 2000, Mr. Simpkins began working as a Benefits Advisor with the Department of Labor. In October 2008, Mr. Simpkins applied to the Office of Personnel Management ("OPM") for disability retirement under the Federal Employees Retirement System ("FERS") based on the medical conditions of hypertension, mitral valve prolapse, and high cholesterol. In early 2009, Mr. Simpkins resigned from his Benefits Advisor position. In June 2009, OPM denied Mr. Simpkins' application for disability retirement under FERS. Mr. Simpkins appealed to the Board.

An administrative judge ("AJ") of the Board denied Mr. Simpkins' initial appeal. The full Board denied Mr. Simpkins' petition for review of the AJ's initial decision, but reopened and remanded the matter to the AJ based on new evidence that in October 2009 the DVA had increased Mr. Simpkins' disability rating. *Simpkins v.*

*Office of Pers. Mgmt.*, DC-844E-09-0623-I-1, 2010 WL 958079 (M.S.P.B. Mar. 16, 2010). On remand, the AJ ordered Mr. Simpkins to submit any additional medical evidence on which the DVA had relied in its rating decision. Mr. Simpkins submitted to the AJ various documents, including the DVA's October 2009 rating decision, but the AJ found these documents insufficient to overcome the weight of the evidence. The AJ specifically noted Mr. Simpkins' failure to produce the medical records on which the DVA had relied in establishing his new disability rating. The AJ again affirmed OPM's original denial of Mr. Simpkins' application for FERS benefits, and the full Board denied Mr. Simpkins' petition for review. Mr. Simpkins petitioned our court for review of the Board's decision.

In February 2011, we affirmed the Board's decision, finding no reversible error in the Board's determination that the medical evidence of record supported a conclusion that Mr. Simpkins' conditions were being managed through medication such that he could continue to perform his duties. *Simpkins v. Office of Pers. Mgmt.*, 411 F. App'x 323, 326 (Fed. Cir. 2011). We noted the Board's determination that, although Mr. Simpkins had not submitted the medical evidence underlying the DVA's 2009 rating decision, the DVA's decision actually supported the finding that Mr. Simpkins' medical conditions did not prevent useful and efficient service, and were being managed through medication. *Id.*

In March 2011, the DVA revised Mr. Simpkins' service-connected disability rating to 100%. Based on the DVA's adjustment of his disability rating, Mr. Simpkins again appealed to the Board from OPM's original denial in 2009 of his application for disability retirement under FERS. In December 2011, an AJ dismissed Mr. Simpkins' appeal as barred by *res judicata*. The AJ determined that Mr. Simpkins had "previously filed an appeal of OPM's denial of his application for disability retirement based on

the same medical conditions at issue in this appeal, which was fully litigated and resulted in a final judgment on the merits." The AJ considered the DVA's March 2011 revised rating decision, but found that the DVA's decision did not warrant reopening Mr. Simpkins' original appeal. Mr. Simpkins petitioned the full Board for review.

The full Board denied Mr. Simpkins' petition for review. The Board found that *res judicata* barred Mr. Simpkins' appeal to the extent it represented a new appeal of OPM's original 2009 decision. The Board recognized, however, that Mr. Simpkins presented previously unavailable evidence, that is, the DVA's March 2011 decision to revise Mr. Simpkins' disability rating to 100%. The Board thus considered whether it should reopen Mr. Simpkins' prior appeal.

The Board first noted that DVA disability ratings are based on criteria different from those relevant to disability benefits under FERS. Further, the Board determined that Mr. Simpkins' submissions failed to show that the DVA had increased his disability rating based on a change in any medical condition at issue in his prior appeal. Rather, the Board found, "the increased disability rating was based on new conditions not raised before OPM or the Board in the prior appeal." The Board thus concluded that "the DVA's new disability rating does not constitute strong evidence in favor of a different outcome for this appeal" and denied Mr. Simpkins' request to reopen his prior appeal.

Mr. Simpkins appeals. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

### STANDARD OF REVIEW

The scope of our review in an appeal from a decision of the Board is limited. In general, we can set aside the Board's decision only if it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance

with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *see Briggs v. Merit Sys. Prot. Bd.*, 331 F.3d 1307, 1311 (Fed. Cir. 2003). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938).

In the case of the denial of a request for disability retirement, our review is limited further. Pursuant to 5 U.S.C. § 8461(d), we are precluded from reviewing the factual underpinnings of physical disability determinations, but may address whether there has been "a substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error 'going to the heart of the administrative determination.'" *Anthony v. Office of Pers. Mgmt.*, 58 F.3d 620, 626 (Fed. Cir. 1995) (quoting *Lindahl v. Office of Pers. Mgmt.*, 470 U.S. 768, 791 (1985)).

## RES JUDICATA

To the extent Mr. Simpkins' appeal represents a new challenge to OPM's original 2009 denial of his application for disability retirement under FERS, we agree with the Board that Mr. Simpkins' appeal is barred by *res judicata.*

The doctrine of *res judicata*, also known as "claim preclusion," serves to "relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." *Allen v. McCurry,* 449 U.S. 90, 94 (1980). *Res judicata* applies if (1) the prior decision was rendered by a forum with competent jurisdiction; (2) the prior decision was a final decision on the merits; and (3) the same cause of action and the same parties or their privies were involved in both cases. *Carson v. Dep't of Energy*, 398 F.3d 1369, 1375 (Fed. Cir. 2005).

Here, all three criteria are satisfied. Mr. Simpkins pursued his prior appeal from OPM's original 2009 decision first to the Board and then to our court. We affirmed the decision of the Board. Our affirmance of the Board's decision was a final decision on the merits by a tribunal of competent jurisdiction. In his current appeal, Mr. Simpkins again challenges OPM's original 2009 denial of his application for disability retirement under FERS. This is the same issue which the identical parties have already litigated in full. Accordingly, *res judicata* bars Mr. Simpkins' appeal to the extent it represents a new appeal of OPM's original denial of his application for disability retirement under FERS.

### REOPENING PRIOR APPEAL

We find further that the Board did not abuse its discretion in determining that the DVA's March 2011 revised disability rating does not warrant reopening Mr. Simpkins' previous appeal. We find the Board did not abuse its discretion for three reasons.

First, as the Board noted, different statutes and regulations govern service-connected disability determinations by the DVA. The DVA bases disability ratings on criteria different from those at issue in determining eligibility for retirement benefits under FERS. While we must consider an applicant's established eligibility for other disability benefits, including underlying medical data, such eligibility is not determinative of disability benefits under FERS. *Dunbar v. Office of Pers. Mgmt.*, 280 F. App'x 984, 985 (Fed. Cir. 2008) ("Thus, while petitioner here had received . . . VA disability ratings, these ratings did not bind OPM to find him disabled under FERS."); *cf. Trevan v. Office of Pers. Mgmt.*, 69 F.3d 520, 526 (Fed. Cir. 1995) ("There is no indication in either the statute or the legislative history that . . . determinations made by the Social Security Administration regarding award and continuation of Social Security disability benefits govern OPM's admin-

istration of FERS benefits."); *Furlong v. United States*, 153 Ct. Cl. 557 (1961) ("So far as the action of the Veterans Administration is concerned, we have many times held that the basis for its action is different from the basis upon which a retiring board determines whether or not an officer is entitled to retirement for physical disability, and that a finding by the Veterans Administration, that a plaintiff is disabled, does not show that the finding of the Retiring Board, that he was not entitled to retirement for physical disability, is arbitrary or capricious or even erroneous. After all, jurisdiction to determine a person's entitlement to retirement is vested by law in the Retiring Board, and not in the Veterans Administration." (internal citations omitted)).

Second, the DVA's March 2011 revised rating decision did not increase Mr. Simpkins' disability rating due to any of the three medical conditions on which Mr. Simpkins based his 2008 application for disability retirement under FERS (that is, hypertension, mitral valve prolapse, or high cholesterol). "OPM regulations," however, "require the appellant to provide medical documentation supporting the claim for disability." *Reilly v. Office of Pers. Mgmt.*, 571 F.3d 1372, 1380 (Fed. Cir. 2009). As the Board noted, the DVA's 2011 evaluation of Mr. Simpkins' disability due to hypertension and mitral valve prolapse remained the same as it had been when Mr. Simpkins filed his previous appeal. The DVA, rather, based its March 2011 revised disability rating on new medical conditions not raised before OPM or the Board in Mr. Simpkins' prior appeal.

Third, as the AJ noted, the DVA in its March 2011 rating decision raised Mr. Simpkins' service-connected disability rating to 100% effective 1 February 2010. Yet this effective date of February 2010 is nearly a year after Mr. Simpkins' resignation from Federal employment on 16 April 2009. We therefore have reason to doubt the

relevance of the DVA's 2011 rating decision, based at least on the date on which that decision became effective.

For these reasons, we find that the Board did not abuse its discretion in declining to reopen Mr. Simpkins' prior appeal based on the DVA's 2011 disability rating decision. The Board fully considered the DVA's revised rating decision, and the Board's determination that the DVA's decision did not warrant reopening Mr. Simpkins prior appeal was not arbitrary or capricious. The judgment of the Board is

**AFFIRMED**

COSTS

Each party shall bear its own costs.